David R. Todd #13884
**TTAN LEGAL**
12339 S. 800 E. Suite 100, Draper, UT 84020
Tele: (801) 571-6611, Fax: (801) 571-4888
dave@titanlegal.com
*Attorney for Marbek Enterprises and Mark and Beki Alder*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| IN RE: | **Bankruptcy No. 25-21038** |
|---|---|
| HALL LABS, INC., | Chapter 11 |
| Debtor-in Possession. | JTM |

**OBJECTION TO KEYSTONE'S MOTION TO CONVERT, OR ALTERNATIVELY, FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Creditors Mark and Beki Alder, and Marbek Enterprises (collectively "Marbek"), creditors and parties-in-interest in the above-captioned Chapter 11 case, hereby submit this objection to the Motion to Convert the Case to Chapter 7, or in the Alternative, to Appoint a Chapter 11 Trustee (the "Motion") filed by Keystone Private Income Fund ("Keystone"). Marbek are creditors with a vested interest in ensuring that Debtor's assets are administered in a manner that maximizes recovery for all creditors and avoids Chapter 7 liquidation.

**I.     Conversion to Chapter 7 would result in harming unsecured creditors.**

Keystone contends that cause exists under 11 U.S.C. § 1112(b)(4)(A), (B), and (D), citing allegations of gross mismanagement, unauthorized use of cash collateral, and an absence of

rehabilitation prospects. However, § 1112(b)(2) provides an exception for unusual circumstances. Debtor's principal asset—its controlling interest in Vanderhall Motor Works—may have substantial value that can be preserved and realized through a Chapter 11 process with proper oversight. Conversion to Chapter 7 would likely liquidate assets prematurely and at depressed values, harming general unsecured creditors such as Marbek.

In the event the matter is converted to Chapter 7, Marbek risks losing any viable chance of recovering lost investment without Debtor being allowed to conduct ongoing business to pay back all creditors. While Keystone may have presented legitimate reasons for concern as to how Debtor is handling the business, it would be more beneficial to all creditors to at least have a Chapter 11 Trustee appointed to ensure that all options are considered to maximize potential returns to creditors.

## II.     Appointment of a Chapter 11 Trustee Is a More Appropriate Remedy

A more appropriate alternative to a Chapter 7 conversion would be to appoint an independent trustee that could provide accountability and fiduciary oversight, ensuring a more equitable and informed process for evaluating asset values and resolving conflicts. This alternative would preserve value while restoring creditor confidence in the estate's administration.

**CONCLUSION**

Based on the foregoing, Marbek objects to the relief requested by Keystone to convert the matter to a Chapter 7, but is not necessarily opposed to appointment of a Chapter 11 Trustee.

DATED: May 19, 2025

    TITAN LEGAL

    /s/ David R. Todd
    David R. Todd
    Attorney for Creditors Mark and Beki Alder and Marbek Enterprises

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on the 19th day of May, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all of the electronic filing users in this case.

/s/ David R. Todd