Jeremy C. Sink (9916)
jsink@kmclaw.com
Ryan Cadwallader (13661)
rcadwallader@kmclaw.com
KIRTON McCONKIE
36 South State Street, Suite 1900
Salt Lake City, UT 84111
Telephone: (801) 239-3157
Facsimile: (801) 321-4893
Proposed Attorneys for the Unsecured Creditors Committee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case No. 25-21038 |
| HALL LABS, LLC | : | Chapter 11 |
| Debtor. | : | Honorable:  Joel T. Marker |

**UNSECURED CREDITORS COMMITTEE'S JOINDER IN KEYSTONE'S MOTION TO APPOINT A CHAPTER 11 TRUSTEE**

The Official Committee of Unsecured Creditors (the "Committee"), by and through proposed counsel Jeremy Sink of Kirton McConkie, joins, in part, Keystone Private Income Fund's ("Keystone") Motion to Convert, or Alternatively, For Appointment of a Chapter 11 Trustee ("Motion").  In sum, the Committee supports the appointment of a Chapter 11 Trustee at this time, who can also serve as the Chapter 7 Trustee in the event this case is converted to a case under Chapter 7.   In support of this joinder, the Committee states as follows:

**RELIEF REQUESTED**

The Committee has lost trust in David Hall and his ability to manage the affairs of this bankruptcy estate.  The Committee therefore requests that a Chapter 11 Trustee be appointed.

A. **A Trustee Should be Appointed.**

11 U.S.C. § 1104(a) provides guidance for appointing a Chapter 11 trustee:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –

    (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before of after the commencement of the case, . . .; or

    (2) if such appointment is in the interest of creditors . . .

The Committee agrees with Keystone that Section 1104(a)(2) does not require a finding of fault.  *See In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 474 (3rd Cir. 1998); *In re Euro–Am. Lodging Corp.,* 365 B.R. 421, 428 (Bankr.S.D.N.Y.2007)*; see also In re Eurospark Indus., Inc.*, 424 B.R. 621, 627 (Bankr. E.D.N.Y. 2010) ("It is not necessary to find fault on the part of the debtor before appointing a chapter 11 trustee in 'the interests of creditors, any equity security holders, and other interests of the estate' pursuant to § 1104(a)(2).").

The Debtor recently filed its Disclosure Statement Dated May 12, 2025 ("Disclosure Statement"). The Disclosure Statement indicates that the "Debtor maintains a small administrative staff and a small staff of scientists, inventors, and others with technical expertise." Disclosure Statement p. 5.  The Disclosure Statement further indicates that the debtor "makes substantially all of its money by selling technology or interests in portfolio companies, i.e., asset sales." *Id*.  The Disclosure Statement further states that liquidation of the Debtor's assets, primarily the Vanderhall stock and the stock of Bacon Work, Inc. is necessary to pay creditors. The Disclosure Statement is unclear as to whether any continued operations of the Debtor are needed in order to facilitate the liquidation of the Vanderhall stock and Bacon Work, Inc. stock.

The Committee respectfully requests the appointment of a Chapter 11 Trustee to analyze whether any further operations of the Debtor are merited.  If none, the Committee would support

the conversion of this case to a Chapter 7 case, as the primary means of recovery appears to be liquidation of assets and avoidance actions.

The Committee has lost faith in David Hall's ability to operate the Debtor and asserts that it is in the best interests of the creditors to appoint a trustee. This Chapter 11 proceeding is still in its initial stages—underscored by the fact that the Committee only recently filed its application for employment on May 15, 2025. However, as the Committee begins to scrutinize the transactions that led to the Debtor's current financial distress, it has already uncovered troubling signs of inter-company transfers that may be avoidable, and potential grounds for filing involuntary bankruptcy petitions against entities closely associated with the Debtor, including the David R. Hall Trust. With Mr. Hall's involvement with both the Debtor and the David R. Hall Trust, keeping Mr. Hall as the person in control of the Debtor would raise conflicts of interest the Committee does not support Mr. Hall controlling. Mr. Hall needs to be removed.

**B. The Trustee should determine whether conversion to a Chapter 7 is Appropriate**

The Disclosure Statement is unclear about the status of the Debtor's ongoing operations, stating there are some scientists and administrative staff still involved with the Debtor. The Committee respectfully requests appointment of a Trustee to determine whether there are any operations to continue. Upon completion of that analysis by an independent third-party Trustee, said Trustee can then determine whether to convert to a chapter 7 case or petition for ongoing business operations.

The Committee believes the appointment of a Chapter 11 Trustee will lead to a more orderly liquidation and avoid potential lost assets if current ongoing operations are not evaluated by an independent third party. The Committee proposes the appointment of a Chapter 11 Trustee. The Committee proposes and requests that the Chapter 11 Trustee be given 30 days following

appointment ("Due Diligence Period") to analyze ongoing business operations. The Committee requests that the case be automatically converted to a Chapter 7 case, with the same Trustee serving as the Chapter 7 Trustee, unless the Trustee requests permission to continue operations before the expiration of the Due Diligence Period.

## CONCLUSION

The Committee agrees that appointment of a Trustee is appropriate. The Committee asserts that conversation may very well be appropriate but requests the benefit of independent eyes reviewing ongoing business operations before that determination is made. The Committee respectfully urges this Court to grant in part the Motion and allow the newly appointed Trustee to direct further conversion to Chapter 7 or Chapter 11 continued operation decisions.

DATED this 19th day of May 2025

/s/Jeremy C. Sink
Jeremy C. Sink
[proposed] Counsel for Unsecured Creditors Committee

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of May 2025, a true and correct copy of the foregoing was filed electronically with ECF and therefore served on the following parties of record:

- **J. Scott Brown**    sbrown@ck.law
- **Matthew James Burne**    matthew.burne@usdoj.gov, Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov;Rachelle.D.Hughes@usdoj.gov;Brittany.Dewitt@usdoj.gov
- **Cass C. Butler**    cass@randoco.com

- **Colin R. Chipman**   colinc@randoco.com
- **Joseph M.R. Covey**   jcovey@parrbrown.com, calendar@parrbrown.com;lstumpf@parrbrown.com
- **Andres' Diaz**   courtmail@adexpresslaw.com
- **Kenyon D. Dove**   defaultservices@smithknowles.com
- **John S. Gygi**   john.gygi@sba.gov
- **Britten Jex Hepworth**   britten@rowewalton.com
- **Michael R. Johnson**   mjohnson@rqn.com, docket@rqn.com;ASanchez@rqn.com;RQN@ecfalerts.com
- **Richard I. Nemeroff**   ricknemeroff@nemerofflaw.com, utahbk@nemerofflaw.com
- **Jeremy C. Sink**   jsink@kmclaw.com, mcarlson@kmclaw.com
- **Engels Tejeda**   ejtejeda@hollandhart.com, slclitdocket@hollandhart.com,intaketeam@hollandhart.com;jjbutton@hollandhart.com
- **David Richards Todd**   dave@cullimore.net
- **Jeffrey L. Trousdale**   jtrousdale@cohnekinghorn.com, mparks@ck.law;enilson@ck.law
- **United States Trustee**   USTPRegion19.SK.ECF@usdoj.gov
- **Richard R. Willie**   rich@wwpartners.co

/s/ Jeremy C. Sink_____