*Proposed and Submitted by:*
Andres Diaz (A4309)
Timothy J. Larsen (A10263)
**DIAZ & LARSEN**
757 E. South Temple, Suite 201
Salt Lake City, UT 84102
Telephone: (801) 596-1661
Fax: (801) 359-6803
Email: courtmail@adexpresslaw.com
*Attorneys for the Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| In re:<br><br>HALL LABS, LLC<br><br>Debtor. | **ORDER GRANTING MOTION TO APPROVE SETTLEMENT BETWEEN DEBTOR AND SPHL PROPERTIES, LLC UNDER BANKRUPTCY RULE 9019**<br><br>Case No. 25-21038<br><br>Chapter 11<br><br>Judge Joel T. Marker |

Upon the motion (the "**Motion**")[1] filed by Debtor Hall Labs, LLC (the "**Debtor**") under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an order approving the settlement agreement attached as Exhibit 1 hereto (the "**Settlement Agreement**"),

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed them in the Motion.

which provides for the settlement of disputes between the Debtor, SPHL and the non-Debtor defendants in the Pending Litigation; and finding that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Motion and all other notices were sufficient under the circumstances and that no further notice need be given; and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and it appearing that granting the relief requested in the Motion, and the entry of this Order are necessary and in the best interests of the Debtor, its estate, creditors, and other parties in interest; and the Court having found and determined that the relief sought in the Motion is an appropriate exercise of the Debtor's business judgment; and sufficient cause appearing therefor,

**THEREFORE, THE COURT FINDS AS FOLLOWS:**

1. The Motion is granted as set forth herein.

2. The Settlement Agreement, attached as <u>Exhibit 1</u> hereto, is approved, and incorporated herein by reference, and shall be binding on the parties thereto, all parties in interest in this case, and any subsequently appointed trustee. In the event of any inconsistency between this Order, the Motion, and the Settlement Agreement, the Settlement Agreement will control.

3. The Debtor and Claimants are authorized and directed to act in accordance with the Settlement Agreement and perform their respective duties thereunder.

4. This Order is immediately effective and enforceable upon its entry.

5. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

# EXHIBIT 1

## MUTUAL TERMINATION OF LAND LEASE TRANSACTION AND SETTLEMENT AGREEMENT

This Mutual Termination of Land Lease Transaction and Settlement Agreement (the "Agreement"), dated as of April 18, 2025 (the "Effective Date"), is entered into by and among SPHL Properties, LLC, an Indiana limited liability company ("Landlord"), and Hall Property Holdings, LLC, a Utah limited liability company ("Tenant"), Hall Labs, LLC, a Utah limited liability company ("Hall Labs"), DRH Holdings, LLC, a Utah limited liability company ("DRH Holdings"), and David R. Hall ("DRH", and together with Hall Labs and DRH Holdings, collectively, and jointly and severally, the "Guarantors"). The Landlord, Tenant, and Guarantors are collectively referred to hereinafter as the "Parties" or individually as a "Party".

RECITALS:

WHEREAS, Landlord and Tenant entered into that certain Net Land Lease dated January 22, 2020, as amended by that certain First Amendment to Net Land Lease dated September 30, 2022 (collectively, the "Land Lease");

WHEREAS, the Tenant's obligations arising under the Land Lease are guaranteed by the Guarantors pursuant to the terms of that certain Guaranty of Net Land Lease dated January 22, 2020 executed by the Guarantors in favor of Landlord (the "Guaranty of Land Lease");

WHEREAS, Landlord and Tenant entered into that certain Development Agreement dated January 22, 2020, as amended by that certain First Amendment to Development Agreement dated September 30, 2022 (collectively, the "Development Agreement");

WHEREAS, the Tenant's obligations arising under the Development Agreement are guaranteed by the Guarantors pursuant to the terms of that certain Guaranty of Development Agreement dated January 22, 2020 executed by the Guarantors in favor of Landlord (the "Guaranty of Development Agreement");

WHEREAS, the Land Lease is memorialized by that certain Memorandum of Land Lease dated January 23, 2020 and recorded on February 4, 2020 in the office of the Recorder for Utah County, Utah as ENT: 14671: 2020 (the "Memorandum of Lease"), and that certain First Amendment to Memorandum of Land Lease dated September 30, 2022 and recorded on October 6, 2022 in the office of the Recorder for Utah County, Utah as ENT: 107530: 2022 (the "First Amendment to Memorandum of Lease");

WHEREAS, the Parties are involved in litigation regarding the Land Lease and Guaranty of Land Lease pending in the Third Judicial District Court for Salt Lake County, Utah, under Civil No. 240404432 captioned as follows: SPHL PROPERTIES, LLC, an Indiana limited liability company vs. HALL PROPERTY HOLDINGS, LLC, a Utah limited liability company; HALL LABS, LLC, a Utah limited liability company; DRH HOLDINGS, LLC, a Utah limited liability company; and DAVID R. HALL, an individual (the "Pending Litigation");

WHEREAS, on March 5, 2025 (the "Petition Date"), Hall Labs filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah, styled *In re: Hall Labs, LLC*, Case No. 25-21038-JTM (the "Hall Labs Bankruptcy Case").

WHEREAS, the Parties now wish to amicably settle and resolve all disputes and controversies between and among them, including but not limited to terminating the Land Lease, Guaranty of Land Lease, Development Agreement, Guaranty of Development Agreement, Memorandum of Lease, and First Amendment to Memorandum of Lease (collectively, the "Lease Transaction Documents"), terminating and releasing the Memorandum of Lease and First Amendment to Memorandum of Lease, and settling the Pending Litigation; and

WHEREAS, the Parties have consulted with their respective attorneys prior to executing this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants set forth in this Agreement, intending to be legally bound hereby, the undersigned Parties do hereby agree as follows:

1. **Recitals; Defined Terms**. The foregoing Recitals are hereby incorporated as if fully stated herein. Capitalized terms used, but not defined, in this Agreement shall have the same meaning ascribed to such terms in the Land Lease.

2. **Release of Memorandum of Lease**. Tenant shall cause a written termination of the Memorandum of Lease and First Amendment to Memorandum of Lease sufficient to release and terminate the Memorandum of Lease and First Amendment to Memorandum of Lease of record, in form attached hereto and incorporated herein as **Exhibit A** (the "Release of Memorandum of Lease"), to be executed and recorded in the office of the Recorder for Utah County, Utah. Tenant shall pay the filing fee and cause the Release of Memorandum of Lease to be recorded.

3. **Termination of the Lease Transaction Documents**. Subject to Section 7 below, as of the Effective Date, the Parties hereby agree that the Lease Transaction Documents are terminated, null and void, and of no further force and effect.

4. **Landlord's Release.** For good and valuable consideration, the sufficiency of which is hereby expressly acknowledged, and conditioned solely on the satisfaction of the conditions precedent set forth in Section 7 below, Landlord, on behalf of itself and the other Landlord Releasees (as defined below), **DOES FULLY AND FOREVER RELEASE AND DISCHARGE** Tenant, Guarantors, and each of their respective successors, predecessors, assigns, subsidiaries, parents, and affiliates, and each of their respective agents, employees, partners, members, managers, representatives, attorneys, insurers, and family members, collectively and individually, in their individual and representative capacities, past and present (all referred to as the "Tenant Releasees"), from any and all claims, demands, liabilities, obligations, damages, causes of action, or suits, whether known or unknown, that Landlord may have had, may have now, or hereinafter may acquire against the Tenant Releasees, based on acts or events from the beginning of time to the Effective Date. Without limiting the generality of the foregoing, this

release includes all matters, claims, demands, liabilities, obligations, damages, causes of action, or suits, between Landlord and the Tenant Releasees, or any of them, whether known or unknown or whether based in contract or in tort, including without limitation those arising out of or in any way related to the Lease Transaction Documents or those that were or could have been asserted in the Pending Litigation.

5. **Tenant's Release.** For good and valuable consideration, the sufficiency of which is hereby expressly acknowledged, and conditioned solely on the satisfaction of the conditions precedent set forth in Section 7 below, Tenant, on behalf of itself and the other Tenant Releasees, **DOES FULLY AND FOREVER RELEASE AND DISCHARGE** Landlord, its successors, predecessors, assigns, subsidiaries, parents and affiliates, and each of their respective agents, employees, partners, members, managers, representatives, attorneys, insurers, and family members, collectively and individually, in their individual and representative capacities, past and present (all referred to as the "Landlord Releasees"), from any and all claims, demands, liabilities, obligations, damages, causes of action, or suits, whether known or unknown, that Tenant may have had, may have now, or hereinafter may acquire against the Landlord Releasees, based on acts or events from the beginning of time to the Effective Date. Without limiting the generality of the foregoing, this release includes all matters, claims, demands, liabilities, obligations, damages, causes of action, or suits, between Tenant and the Landlord Releasees, or any of them, whether known or unknown or whether based in contract or in tort, including without limitation those arising out of or in any way related to the Lease Transaction Documents or those that were or could have been asserted in the Pending Litigation.

6. **Guarantors' Release.** For good and valuable consideration, the sufficiency of which is hereby expressly acknowledged, and conditioned solely on the satisfaction of the conditions precedent set forth in Section 7 below, each Guarantor, on behalf of itself and the other Tenant Releasees, **DOES FULLY AND FOREVER RELEASE AND DISCHARGE** Landlord Releasees from any and all claims, demands, liabilities, obligations, damages, causes of action, or suits, whether known or unknown, that Guarantors may have had, may have now, or hereinafter may acquire against the Landlord Releasees, based on acts or events from the beginning of time to the Effective Date. Without limiting the generality of the foregoing, this release includes all matters, claims, demands, liabilities, obligations, damages, causes of action, or suits, between Guarantors and the Landlord Releasees, or any of them, whether known or unknown or whether based in contract or in tort, including without limitation those arising out of or in any way related to the Lease Transaction Documents or those that were or could have been asserted in the Pending Litigation.

7. **Conditions Precedent**. The effectiveness of Sections 4, 5, and 6 of this Agreement are conditioned upon (i) the Release of Memorandum of Lease being unconditionally terminated and released as an encumbrance against Landlord, the Real Estate, or the Premises; (ii) the approval by the Court in the Hall Labs Bankruptcy Case of this Agreement, pursuant to a motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Motion"), which Motion the Tenant and Guarantors hereby agree not to oppose and provide reasonable efforts to support on request; and (iii) Landlord's closing on the sale of the Premises to a third party.

-3-

8. **Bankruptcy Court Approval.** The effectiveness and validity of this Agreement is made expressly contingent upon Court approval of the Motion. If the Court does not approve the Motion, the Parties will be returned to their previous positions *ex ante* this Agreement without any prejudice to their pre-Agreement rights

9. **The Parties' Obligations.** The Parties shall bear their own costs and shall pay their own attorneys' fees. By signing this Agreement, Landlord, on behalf of itself and its attorneys, forever waives any claims for attorneys' fees it and/or its law firm may have against Tenant or the Guarantors pursuant to the Lease Transaction Documents. By signing this Agreement, Tenant, on behalf of itself and its attorneys, forever waives any claims for attorneys' fees it and/or its law firm may have against Landlord pursuant to the Lease Transaction Documents. By signing this Agreement, each Guarantor, on behalf of itself and its attorneys, forever waives any claims for attorneys' fees it and/or its law firm may have against Landlord pursuant to the Lease Transaction Documents.

10. **Legal Action.** The Parties agree that, other than the Pending Litigation, neither has filed a legal action on the basis of the Lease Transaction Documents and they shall refrain from doing so in the future.

11. **No Admission of Liability.** This Agreement is executed pursuant to a compromise and settlement, without any admission of liability by the Parties, but solely for the purpose of avoiding costly litigation on disputed claims and avoiding uncertainty, controversy and legal expense.

12. **Amendment.** This Agreement shall be binding upon the Parties and may not be amended, supplemented, changed, or modified in any manner, orally or otherwise, except by an instrument in writing of concurrent or subsequent date signed by all of the Parties.

13. **Entire Agreement.** This Agreement contains and constitutes the entire understanding and agreement between the Parties and cancels all prior or contemporaneous oral or written understandings, negotiations, agreements, commitments, warranties, representations, and promises in connection herewith.

14. **Severability.** If any provision in this Agreement is declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

15. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same agreement, notwithstanding that all Parties are not a signatory to the original or the same counterpart. Furthermore, the Parties mutually agree that this Agreement may be executed by a faxed signature or digital copy in counterparts which taken together should be considered an original.

16. **Construction**. The headings of the sections contained herein are for convenience only and are not to be used to define, limit or construe their contents. Whenever the context requires, the gender of any word used in this Agreement includes the masculine, feminine or neuter, and the number of any word includes the singular or plural.

17. **Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of Utah. The proper venue for any action brought to construe or enforce this Agreement shall be Utah County, Provo and/or the U.S. District Court for the State of Utah.

18. **Successors and Assignment**. All of the rights and obligations of the Parties under this Agreement shall bind and inure to the benefit of the respective successors of the Parties. This Agreement may not be assigned by any Party, in whole or in part, without prior written consent of the other Party.

19. **Authority**. The Parties represent and warrant that: (i) the individuals who execute this Agreement are duly authorized to execute this Agreement on behalf of the respective entities they purport to represent, respectively; (ii) no other signature, act or authorization is necessary to make this Agreement binding on the respective parties; (iii) to the best of their knowledge, the Parties named are all the necessary and proper parties; and (iv) they have not assigned, sold, or transferred any claims otherwise released herein.

20. **Representation by Counsel**. The Parties hereby acknowledge that each has been represented by legal counsel of its own choice throughout all of the negotiations which preceded the execution of this Agreement and that each of them has executed this Agreement with the consent and on the advice of such legal counsel. The Parties further acknowledge that each of them and their counsel have had an adequate opportunity to make whatever investigations or inquiry that they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution hereof and the delivery and acceptance of the consideration specified herein. Each Party has reviewed and revised, or had the opportunity to revise this Agreement, and accordingly the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

21. **Waiver**. No failure by either Party, at any time, to require the performance by the other of any term of this Agreement, shall in any way affect the right of either Party to enforce such terms, nor shall any waiver by either Party of any term hereof be taken or held to be a waiver of any other provision of this Agreement. No waiver of any term or provision of this Agreement shall be effective unless the same is in writing and signed by the Party granting such waiver.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

By signing below, the Parties acknowledge that they have consulted with legal counsel regarding this Agreement and have carefully read and fully understand all of the provisions of this Agreement and that they are voluntarily entering into this Agreement, intending to be legally bound hereby, to be effective as of the Effective Date.

"Landlord"

SPHL PROPERTIES, LLC,
an Indiana limited liability company

By: _____
Name: Marc D. Pfleging
Title: Manager

"Tenant"

HALL PROPERTY HOLDINGS, LLC,
a Utah limited liability company

By: Hall Labs, LLC, Member

By: _____
David R. Hall, Manager

"Hall Labs"

Hall Labs, LLC,
a Utah limited liability company

By: _____
David R. Hall, Manager

"DRH Holdings"

DRH Holdings, LLC,
a Utah limited liability company

By: _____
Name: DAVID R. HALL
Its: MANAGER

"DRH"

_____
David R. Hall, Individually

-6-

**PREPARED BY**
**AND RETURN TO:**

David J. Duncan, Esquire
Scannell Properties
8801 River Crossing Blvd
Suite 300
Indianapolis, IN  46240
(317) 843-5959

---

**(ABOVE SPACE FOR RECORDER'S USE ONLY)**

**Cross Reference: Ent: 14671: 2020 and Ent: 107530: 2022**

### RELEASE OF MEMORANDUM OF LAND LEASE AND
### FIRST AMENDMENT TO MEMORANDUM OF LAND LEASE

**THIS RELEASE OF MEMORANDUM OF LAND LEASE AND FIRST AMENDMENT TO MEMORANDUM OF LAND LEASE**, is made as of the 18th day of April, 2025, by and between **SPHL PROPERTIES, LLC**, an Indiana limited liability company (the "Landlord"), whose address is 8801 River Crossing Blvd., Suite 300, Indianapolis, IN 46240, and **HALL PROPERTY HOLDINGS, LLC**, a Utah limited liability company (the "Tenant"), whose address is 3000 Sierra Vista Way, Provo, UT  84606.

Landlord and Tenant entered into that certain Net Land Lease dated January 22, 2020, as amended by that certain First Amendment Net Land Lease dated September 30, 2022 (collectively, the "Land Lease") with respect to certain real estate located at Ironton Business Park, Provo, Utah County, Utah, as described in Exhibit A, attached hereto (the "Property").

In connection with the Land Lease, Landlord and Tenant executed that certain Memorandum of Land Lease dated January 23, 2020 and recorded February 4, 2020, with the Recorder of Utah County, Utah as Ent: 14671: 2020; as amended by that certain First Amendment to Memorandum of Land Lease dated September 30, 2022 and recorded October 6, 2022, with the

Recorder of Utah County, Utah as Ent: 107530: 2022 (as amended, the "Memorandum of Lease").

Landlord and Tenant have terminated the Land Lease and desire to release the Memorandum of Land Lease.

**NOW, THEREFORE**, for and in consideration of the sum of One Dollar ($1.00) and other valuable consideration received, the parties agree that the Memorandum of Land Lease dated January 23, 2020 and recorded February 4, 2020, with the Recorder of Utah County, Utah as Ent: 14671: 2020 and the First Amendment to Memorandum of Land Lease dated September 30, 2022 and recorded October 6, 2022, with the Recorder of Utah County, Utah as Ent: 107530: 2022 are hereby RELEASED IN FULL.

(Execution on following page.)

IN WITNESS WHEREOF, Landlord and Tenant have executed this Release of Memorandum of Land Lease and First Amendment to Memorandum of Land Lease through their respective authorized officers, effective as of the date written above.

**LANDLORD:**

**SPHL PROPERTIES, LLC,**
an Indiana limited liability company

By: _____
Marc D. Pfleging, Manager

Date: April 16, 2025

**TENANT:**

**HALL PROPERTY HOLDINGS, LLC,**
a Utah limited liability company

By: Hall Labs, LLC, Member

By: _____
David R. Hall, Manager

Date: 4/19/25, 2025

## ACKNOWLEDGMENT – LANDLORD

STATE OF INDIANA    )
                    ) SS:
COUNTY OF MARION    )

Before me, __Joy R Jackson__, a Notary Public in and for the above State and County, on this __16th__ day of __April__, 2025, personally appeared Marc D. Pfleging, Manager of **SPHL PROPERTIES, LLC**, an Indiana limited liability company, known to me to be the same person who signed and acknowledged that he signed the foregoing instrument as such Manager of said limited liability company for and on behalf of the limited liability company, and that he executed the same as his free and voluntary act and deed and as the free and voluntary act and deed of the limited liability company, for the uses and purposes set forth in the instrument.

**IN TESTIMONY WHEREOF**, I have subscribed my signature and affixed my official seal on the day and year set forth above.

_____
Notary Public

My commission expires: __11/23/32__

County of residence: __Hamilton__

JOY R. JACKSON
Commission Number: 691848
My Commission Expires
11/23/2032

## ACKNOWLEDGMENT – TENANT

STATE OF UTAH  )
             ) SS:
COUNTY OF Utah )

    Before me, __Madalyn Fenn__, a Notary Public in and for the above State and County, on this 15th day of __April__, 2025, personally appeared David R. Hall, Manager of Hall Labs, LLC, the Member of **HALL PROPERTY HOLDINGS, LLC**, a Utah limited liability company, known to me to be the same person who signed and acknowledged that he signed the foregoing instrument as such Manager for and on behalf of the limited liability companies, and that he executed the same as his free and voluntary act and deed and as the free and voluntary act and deed of the limited liability companies, for the uses and purposes set forth in the instrument.

    **IN TESTIMONY WHEREOF**, I have subscribed my signature and affixed my official seal on the day and year set forth above.

*[Notary Seal: MADALYN FENN, Notary Public - State of Utah, Comm. No. 725262, My Commission Expires on Jun 15, 2026]*

_____
Notary Public

My commission expires: June 15, 2026

County of residence: Utah

# EXHIBIT A

## Legal Description of the Property

Parcels 1, 2 and 3 of New Vista South Subdivision recorded November 7, 2019, with the Recorder of Utah County, Utah in Plat Book 47, Page 358.